UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK A. MCCURDY, on behalf of SHAUNA MCCURDY and her Estate,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAMBRIDGE SCHOOL DISTRICT NO. 432<br><br>　　　　　　　Defendant. | Case No. 1:10-CV-150-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant's Motion to Dismiss, to Quash Service, and for Summary Judgment (Dkt. 7), and Motion to Strike Plaintiff's Response Brief and attached exhibits (Dkt. 17). The Court now issues the following Memorandum Decision and Order.

# BACKGROUND

Patrick McCurdy brings this case for disability discrimination and reprisal against the Cambridge School District ("School District") on behalf of his wife Shauna McCurdy, who passed away on July 23, 2008. *Compl*. ¶¶ 1, 5. Before her death, Mrs. McCurdy taught English for two years for the School District. *Id*. ¶ 7. She also suffered from

Chrug Strauss Syndrome, a rare vascular disease. *Id.* ¶ 8.

April 2008 saw the rapid onset of severe health problems for Mrs. McCurdy due to her disease. *Compl.* ¶ 12. The severity of the problems required her to take an extended medical leave of absence from her teaching position. *Id.* Mrs. McCurdy informed the principal at the school that she might not be able to return to her teaching duties before the end of the school year. *Id.* ¶ 13.

Almost immediately after Mrs. McCurdy sought medical leave, the principal prepared a negative performance evaluation of Mrs. McCurdy's performance as a teacher. *Compl.* ¶ 14. Soon after, the District, on recommendation of the principal, decided not to renew Mrs. McCurdy's employment for the following school year. *Id.*

In June 2008, the District paid the remaining months of Mrs. McCurdy's contract and terminated her medical insurance coverage, although her insurance should have continued through August 2008. *Compl.* ¶ 8.

## ANALYSIS

As preliminary matters, Defendant argues that the Court lacks jurisdiction over it because Mr. McCurdy failed to properly serve the Summons and Complaint and that Mr. McCurdy is engaged in the unauthorized practice of law by bringing claims on behalf of the Estate of Mrs. McCurdy in a pro se capacity.

1.  **Motion to Quash Service of Process**

    Defendant moves to quash service of the Summons and Complaint because Mr.

McCurdy failed to properly serve process on Defendant pursuant to Rule 4.[1]  The parties do not contest that Mr. McCurdy served the Summons and Complaint to Defendant by certified mail.

Federal Rule of Civil Procedure 4 governs the required procedure for service of process.  Service of process on a local government entity is addressed by Rule 4(j), which states:

> A state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
>  (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j).  Because service by mail is not addressed by Rule 4(j)(A), the Court must turn to Idaho law to see if Mr. McCurdy's method of service was proper.

Idaho law provides that service to a governmental subdivision requires delivery of the summons and complaint to "the chief executive officer or the secretary or clerk thereof."  Id. R. Civ. P. 4(d)(5).  Service by mail is not permitted by the rule.  *See id.*  Since Mr. McCurdy did not personally deliver the Summons and Complaint to the School

---

[1] Defendant first argues that the case should be dismissed due to Mr. McCurdy's failure to properly serve Defendant.  However, the Court has the discretion to either dismiss the case or quash service of the summons.  *S.J. v. Issaquah School Dist.*, 470 F.3d 1288, 1293 *(*9th Cir. 2006*) (*citing *Stevens v. Security Pacific Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).  The Court declines to take the drastic measure of dismissal with a pro se litigant, and Defendant agrees that dismissal may be inappropriate because it was not prejudiced by the lack of notice.  *See Defendant's Br.* 5 n.2.

District, Defendant was not served in a manner prescribed by Idaho law. Thus, Defendant has not been properly served under Federal Rule 4 and the Court lacks jurisdiction over Defendant. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4").

Defendant's Motion to Quash Service is granted and Plaintiff is ordered to re-serve Defendant personally, pursuant to Federal Rule of Civil Procedure 4(j) or Idaho Rule of Civil Procedure 4(d)(5), within 30 days of this order.

**2. Motion to Dismiss for Unauthorized Practice of Law**

Defendant argues that Mr. McCurdy is engaged in the unauthorized practice of law by bringing claims on behalf of Mrs. McCurdy's Estate in a pro se capacity. This is a matter of first impression for this Court as applied to Mr. McCurdy's claims.

A litigant in federal court has a statutory right to self-representation. *See* 28 U.S.C. § 1654. However, "while a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

While pro se representation in this particular context has not been addressed by this Court or the Ninth Circuit, the Ninth Circuit has addressed the somewhat similar issue of whether a pro se parent can bring a lawsuit on behalf of their child and held that a

parent cannot bring their child's claims without retaining a lawyer. *See Johns*, 114 F.3d at 876-77. The Ninth Circuit reasoned that the right to proceed pro se respected the notion of individual choice, which could not be a true choice for a minor, and that children had an important interest in having their rights protected by trained legal assistance. *See id*.

However, what if the claims belonged to a decedent's estate? Although the question has not been addressed by the Ninth Circuit, other circuit courts have addressed whether an estate can be represented by a pro se administrator or executor. The Second Circuit recently held that an administrator may proceed pro se when the estate has no other beneficiaries or creditors other than the litigant. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010).[2] In *Guest v. Hansen*, a father who was the administrator and sole beneficiary of his late daughter's estate appealed pro se the trial court's grant of summary judgment in a wrongful death suit against a college. *Guest*, 603 F.3d at 19. The Second Circuit reasoned that because the estate had no other beneficiaries and no creditors, the father was the only party affected by the disposition of the suit and he was, in fact, appearing solely on his own behalf. *Id*. at 21.[3] The court noted that it was only legal

---

[2] The Third and Seventh Circuits have left the question open as to whether pro se representation of an estate is appropriate. The Fourth, Sixth, and Eighth Circuits have implied that pro se representation is only appropriate when an estate has no other beneficiaries or creditors, but have not held that point expressly. *See Guest*, 603 F.3d at 20 n.4.

[3] Procedurally, the father filed a letter brief providing evidence that the mother disclaimed all interest in the decedent's estate and that he was the sole beneficiary. Later, he filed an additional brief stating that the estate had no creditors. *See Guest*, 603 F.3d at 19-20.

**MEMORANDUM DECISION AND ORDER - 5**

fiction that assigned a sole beneficiary's claims to the estate rather than to the beneficiary himself. *Id*. In that situation, the dangers that accompanied lay lawyering were outweighed by the right to self-representation. *Id*.

Taken together, federal courts have considered a party's individual choice to bring his own claims pro se, a party's interest in qualified legal representation to protect rights and claims, and the rights of other stakeholders.

In the present case, Mrs. McCurdy, unlike the minor in Johns, is deceased. She no longer has her own rights to be protected or her own claims to be litigated. Instead, what claims she has passes to her Estate. As representative of her Estate, Mr. McCurdy brings claims on behalf of the Estate. However, if he is the sole beneficiary of the Estate, he essentially brings his own claims on his own behalf. And if they are his claims, the policy consideration of individual choice supports his right to appear on his own behalf and outweigh the dangers of lay lawyering.

In the Complaint, Mr. McCurdy alleges to be the sole heir and the personal representative of the Estate. However, the Complaint does not indicate if the Estate has any other beneficiaries or creditors. If there are, other parties have a stake in the outcome of this litigation and Mr. McCurdy may not proceed without a lawyer.

Because the Court cannot determine whether Mr. McCurdy is the only beneficiary of Mrs. McCurdy's Estate, the Court will not allow Mr. McCurdy to proceed without representation or without demonstrating that he is the only interested party to Mrs. McCurdy's Estate.

Instead, the Court will stay consideration of the Motion to Dismiss and allow Mr. McCurdy to either (1) obtain an attorney or (2) file a brief providing evidence that he is the sole beneficiary of the Estate and that the Estate has no creditors, by December 13, 2010. The Court strongly urges Mr. McCurdy to obtain an attorney to assist him in litigating these claims.

If no Notice of Appearance or brief has been filed by December 13, 2010, Defendant's Motion to Dismiss for the Unauthorized Practice of Law will be granted and all claims will be dismissed.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Quash Service of Process (Dkt. 7) is **GRANTED**. Plaintiff is ordered to re-serve Defendant personally by December 13, 2010.

2. Defendant's Motions to Dismiss, for Summary Judgment, and to Strike (Dkts. 7, 17) are **STAYED**.

2. Plaintiff is **ORDERED** to either (1) secure an attorney who must file a notice of appearance by December 13, 2010 or (2) file a brief providing evidence that he is the sole beneficiary of Mrs. McCurdy's Estate and that the Estate has no creditors by December 13, 2010. If Plaintiff needs assistance securing an attorney, he is instructed to call Susie Boring-Headlee, Pro Bono Coordinator for the U.S. Courts at (208) 334-9067. If Plaintiff fails to comply with either option by December 13, 2010,

Defendant's Motion to Dismiss for the Unauthorized Practice of Law will be **GRANTED**.



DATED: **November 8, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge